# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KERRY DAN BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-3226 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner Kerry Dan Brown seeks habeas corpus relief under 28 U.S.C. § 2254. Brown does not attack the validity of his state conviction or sentence. Rather, he challenges the denial of release to parole. The threshold issue is whether this federal petition must be dismissed for failure to state a violation of a federally-protected right.

**I.    Background**

A jury found Brown guilty of the felony offense of murder in Cause Number 668444. On August 9, 1994, the court sentenced Brown to a fifteen year prison term. On September 15, 2005, this court received Brown's federal petition. Brown contends that the Board had no sentencing authority and the sentence is void. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

Brown asserts that he became eligible for release on parole after serving one-fourth of his fifteen-year sentence. Brown explains that when he was first considered for release on parole in May 1998, the Board denied parole because Brown's underlying offense was

murder. Brown asserts that the Board denied parole again in May 2001, May 2003, and May 2005, despite the fact that he is a model prisoner who has completed rehabilitative and educational programs. Brown argues that the denial of his release on parole is invalid because the Board of Pardons and Parole did not have the authority to extend his sentence.

## II.     Analysis

A district court may examine habeas petitions before an answer or other responsive pleading is filed "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

The law is clear that Brown has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has held that there is no constitutional expectancy of parole in Texas, *Creel v. Keens,* 928 F.2d 707 (5th Cir. 1991) (citing TEX. CODE CRIM. P. ANN. art. 42.18 § 8(a)). The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest in release on parole. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keens*, 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,* 501 U.S. 1210 (1991). Brown's claim that he is entitled to be considered for release on parole at a particular time cannot be the basis for a habeas claim.

### III. Conclusion

Brown's challenges to the denial of parole lack merit. This case is DISMISSED. Brown's motion to proceed as a pauper, (Docket Entry No. 3), is GRANTED. Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). The issues must be debatable among jurists of reason, such that another court could resolve the issues differently, or deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. This court denies Brown's petition after careful consideration of the merits of his constitutional claims and finds that he has not made the necessary showing for a COA to issue. This case is dismissed by separate order.

SIGNED on September 27, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge